# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| James Rowedder, | Civil Action No. 2:22-cv-2371-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Primal Vantage Company, Inc., *et al*, | |
| Defendant. | |

Before the Court is Plaintiff's motion for sanctions and to compel. (Dkt. No. 96). For the reasons set forth below, the Court denies in part and denies without prejudice in part the motion.

## Factual Background

On June 21, 2022, Plaintiff served his First Set of Interrogatories and First Set of Requests for Production. (Dkt. No. 96 at 5). Interrogatories Nos. 12 and 13 requested lists of claims and lawsuits concerning tree stands and/or harnesses similar to the tree stand in this action. Requests for Production Nos. 15 and 16 requested lists of lawsuits and claims for property damages or personal injury related to tree stands and/or safety harnesses within the past 10 years. Request for Production 20 requested a list of other tree stands/or safety harnesses manufactured or sold by Defendants that had certain similar parts to the tree stand at issue in this lawsuit.

Defendants responded to the above discovery on December 2, 2022 and served additional related discovery on May 5, May 19, and June 5, 2023. (Dkt. No. 109 at 5-7).

On June 7, 2024—after the Court reopened discovery from March 18, 2024 through May 15, 2024—Plaintiff filed the instant motion to compel and for sanctions. (Dkt. Nos. 96, 111). Defendants oppose Plaintiff's motion. (Dkt. No. 109). Plaintiff alleges Defendants are withholding

1

responsive information and deleted a website Plaintiff recently discovered which contained instruction manuals for various tree stand models.

Specifically, as to the requested discovery, Plaintiff states—without more detail—that sometime around May 13, 2024, he discovered the existence of other tree stands produced by Defendant. *See* May 13, 2024 "Rule 11 Letter" from Plaintiff to Defendants, (Dkt. No. 96-17 at 2-4). Plaintiff presents no explanation whatsoever for why he only discovered Defendants' discovery responses were allegedly inadequate over a year and half after Defendants' initial discovery responses. *See* (Dkt. No. 109 at 5). In response to said letter, Defendants produced supplemental discovery. (Dkt. No. 109-9 at 1-32).

As to the above noted website, Plaintiff alleges he located www.treestandcustomerservice.com around May 10, 2024, and that said website contained instruction manuals demonstrating Defendant used M12 "and similar quickclips" in other tree stand models. (Dkt. No. 96 at 10). Plaintiff alleges that after writing Defendants on May 13, 2024 regarding the above noted discovery disputes the website was "deleted." (Dkt. No. 96 at 12). Defendants deny deleting the website and have employed a Certified Computer Examiner to put forth evidence to this effect. (Dkt. No. 109 at 13).

Plaintiff's motion is fully briefed and ripe for disposition.

## **Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) provides that parties may seek through discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, ... the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." In addressing discovery issues under Rule 26, it is well

settled that relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Discovery is "not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.*

## Analysis

Local Rule 37.01 of the District Court for the District of South Carolina states that "[m]otions must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due." The Fourth Circuit has held that South Carolina district courts have discretion to consider an untimely motion to compel if the movant "offer[s] an acceptable explanation for [the motion's] tardiness." *See Spencer Med. Assocs. v. Comm'r,* 155 F.3d 268, 273 (4th Cir. 1998). "However, virtually all South Carolina district courts have denied motions to compel when they were filed outside the 2[1]–day window." *Hill Holiday Connors Cosmopulos, Inc. v. Greenfield*, No. 6:08-CV-03980-GRA, 2009 WL 4111474, at *2 (D.S.C. Nov. 23, 2009) (citing *Hitter v. Ozmint,* No. 2:06–1502–TLW–RSC, 2007 WL 680733, at *2 n. 2 (D.S.C. March 1, 2007)); *Peeples v. Herrnstein Auto Grp., LLC*, No. CV 9:20-4463-RMG, 2022 WL 1198075, at *3 (D.S.C. Apr. 22, 2022) (denying untimely motion to compel production served roughly *two months* late).

Plaintiff's motion to compel as to the above noted discovery requests is denied. Plaintiff's motion is untimely, and Plaintiff presents no cogent explanation for the delay in bringing the instant motion. (Dkt. No. 96 at 9) (alleging "[i]mmediately proceeding the close of discovery, Plaintiff discovered that Defendants concealed the existence of at least six substantially similar

3

climbing treestands . . . which used M12 or similar quickclips" but providing no concrete explanation or justification as to why Plaintiff required nearly a year and a half to affirm that Defendants' discovery responses were incomplete); *see Kelly v. Equifax, Inc.*, No. 8:12-cv-3095-MGL, 2013 WL 5954799, at *3 (D.S.C. Nov. 7, 2013) ("The court need not reach the merits of Defendant's motion to compel because it was untimely filed."); *Spencer Med. Assocs. v. Comm'r,* 155 F.3d 268, 273 (4th Cir. 1998) ("At the outset we note that the mere untimeliness of SMA's motion supports the court's denial."); *Hitter v. Ozmint,* No. 2:06–1502–TLW–RSC, 2007 WL 680733, at *2 n. 2 (D.S.C. March 1, 2007). Further, to the extent the motion is somehow timely, Defendants have produced the requested supplemental discovery, rendering the request moot. *See* (Dkt. No. 109 at 1-32); (Dkt. No. 111 at 1-3) (acknowledging receipt of said discovery).

As to Plaintiff's allegations regarding the website www.treestandcustomerservice.com, the Court denies Plaintiff's motion without prejudice. As noted above, Defendants deny deleting the website and have employed a Certified Computer Examiner to put forth evidence to this effect. (Dkt. No. 109 at 13). Accordingly, the Court will address this issue as needed at a later date.

## Conclusion

For the reasons stated above and as detailed herein, Plaintiff's motion to compel (Dkt. No. 96) is **DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.

**AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

July 3, 2024
Charleston, South Carolina